IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KYLE KINZY and JACKI KINZY, | ) |
| *Plaintiffs*, | ) No. 16 C 8230 |
| v. | ) Judge Virginia M. Kendall |
| HOWARD & HOWARD, PLLC, et al., | ) |
| *Defendants*. | ) |

## ORDER

First Tennessee Bank, National Association, foreclosed on its mortgage to Kyle and Jacki Kinzy, which the Kinzys claim they did not sign, making it—at least in their view—unenforceable. The parties litigated this alleged forgery in state court, where Howard & Howard, PLLC, and the other named law firm defendants represented First Tennessee Bank. The Kinzys lost when the state court entered a judgment of foreclosure against them in July 2015. But that did not keep the Kinzys from suing First Tennessee and its lawyers in federal court, basically realleging that the defendants defrauded them.

Previously, in *Kinzy v. Howard & Howard, PLLC*, No. 16 C 8230, 2017 WL 168480, at *1 (N.D. Ill. Jan. 17, 2017), this Court stayed the federal case while the parties appealed in state court. The Court assumes the parties are familiar with the relevant facts because not many changed since that opinion went on the docket. Notably, on September 7, 2017, the Appellate Court of Illinois dismissed the Kinzys' appeal and in the following months struck their initial petition for rehearing and denied a motion the court construed as a successive petition. The appellate court then issued its mandate on February 28, 2018. The Kinzys did not petition the Supreme Court of Illinois for leave to appeal nor did they petition the Supreme Court of the United States for a writ of certiorari. Because the parties reported the state court proceedings were complete, this Court lifted the stay on their federal case in April 2018. (Dkt. 55.)

Soon thereafter, the defendants moved to dismiss all claims alleged in the complaint arguing that this Court lacks subject matter jurisdiction to resolve the case because, under the *Rooker-Feldman* doctrine, only the Supreme Court of the United States has the power to review state-court decisions in civil litigation. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v.*

*Feldman*, 460 U.S. 462 (1983). Heedful of limited jurisdiction and federalism, the Court grants the defendants' motions to dismiss (Dkts. 56, 58, 61) under Federal Rule of Civil Procedure 12(b)(1).

In granting the earlier stay in this case, the Court summed up the relationship between the state and federal cases, reasoning that:

> The Foreclosure Action and this action also involve substantially the same factual and legal issues. In the instant action, all of the Kinzys' claims primarily relate to the authenticity of the 2007 Mortgage, its enforceability, and the actions that the Defendants took to foreclose on the mortgage. (*See* Dkt. 1 ¶¶ 17–25.) The Foreclosure Action by its very nature involves assessing whether the 2007 Mortgage is valid and enforceable and the Appellate Court is now assessing the propriety of the foreclosure action. Second, as either counterclaims or defenses in the Foreclosure Action, the Kinzys have repeatedly asserted and litigated that the 2007 Mortgage was unenforceable because it included forgeries and other defects and that First Tennessee had no legal right to foreclose on the note. Those same claims are at the heart of their complaint before this Court.
>
> Furthermore, there is a substantial likelihood that a final judgment in the Foreclosure Action will dispose of all claims presented in the Kinzys' federal complaint, which is the critical question in considering whether a state and federal case are parallel. *See Huon*, 658 F.3d at 646. If the Illinois Appellate Court affirms the determination that the 2007 Mortgage was valid and enforceable, the Kinzys' central claims – that the 2007 Mortgage was fraudulent and that First Tennessee does not have a valid claim to the note – would be precluded.

*Kinzy*, 2017 WL 168480, at *4–5. The Kinzys argued against this in a late, attachment-overloaded, and hard-to-follow response to the defendants' motions to dismiss, essentially contending that *Rooker-Feldman*: (1) has a fraud exception; (2) cannot bar any claims that accrued after the state court entered it; and (3) does not preclude their permissive counterclaims.

First, there is no fraud exception to *Rooker-Feldman*. *See Bond v. Perley*, 705 F. App'x 464, 465 (7th Cir. 2017), *reh'g denied* (Jan. 22, 2018) (citing *Iqbal v. Patel*, 780 F.3d 728, 729 (7th Cir. 2015)); *Podemski v. U.S. Bank Nat'l Ass'n*, 714 F. App'x 580, 581–82 (7th Cir. 2017) (first citing *Mains v. Citibank, N.A.*, 852 F.3d 669, 676 (7th Cir. 2017); then citing *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 605 (7th Cir. 2008)). That doctrine is about federal judicial power, not "*why* a state court's judgment might be mistaken . . ." *Podemski*, 714 F. App'x at 582 (quoting *Iqbal*, 780

F.3d at 729) (emphasis in original); *see Lennon v. City of Carmel, Indiana*, 865 F.3d 503, 507 (7th Cir. 2017).

Second (and third), the critical question under *Rooker-Feldman* is "whether the federal plaintiff seeks the alteration of a state court's judgment." *Milchtein v. Chisholm*, 880 F.3d 895, 897–98 (7th Cir. 2018). It does not much matter when the plaintiff came up with the reason for asking the federal court to modify the state-court decision or in what vehicle the plaintiff chose to present it. Now, if the plaintiff raises a claim that is separate and apart from the state case, then that is a different story. For example, "a plaintiff [might] seek[ ] damages for fraud that occurred outside of state litigation and that independently caused injury." *Robin v. Bank of New York Mellon*, 706 F. App'x 880, 881 (7th Cir. 2017) (citing *Iqbal*, 780 F.3d at 730). Or perhaps a plaintiff would "seek[ ] damages for emotional and physical harm that follow" the state-court proceeding. *See Milsap v. Habitat Co. LLC*, 708 F. App'x 884, 886 (7th Cir. 2018).

But cases like the Kinzys' often ask the federal court to disregard or vacate the state court's foreclosure judgment and that is exactly what *Rooker-Feldman* forbids. *See Moore*, 2018 WL 5816723, at *9; *Mains*, 852 F.3d at 677; *Carpenter v. PNC Bank, Nat. Ass'n*, 633 F. App'x 346, 347–48 (7th Cir. 2016), *cert. denied*, 136 S. Ct. 2394 (2016), *reh'g denied*, 136 S. Ct. 2549 (2016); *Riddle v. Deutsche Bank Nat. Tr. Co.*, 599 F. App'x 598, 600 (7th Cir. 2015); *Calhoun v. CitiMortgage, Inc.*, 580 F. App'x 484, 486 (7th Cir. 2014); *Nora v. Residential Funding Co., LLC*, 543 F. App'x 601, 602 (7th Cir. 2013); *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 646–47 (7th Cir. 2011). Here, the Kinzys' claims basically ask this Court to rule that the state courts were wrong and that, in fact, the mortgage was invalid and unenforceable because it was perpetrated by a fraud.

For instance, the Kinzys allege in Counts I–II that the defendants violated the Fair Debt Collections Practices Act (FDCPA) because they foreclosed on the Kinzys' home and stated that the 2007 mortgage was a true and correct copy of the mortgage even though, as the Kinzys see it, that mortgage was fraudulent. (*See* Dkt. 1 ¶¶ 43–48, 51, 56, 64.) The Kinzys argued forgery in state court but it did not persuade the trial or appellate courts. *See* Nora, 543 F. App'x at 602 (explaining that the plaintiff "had the opportunity to raise—and did raise—her fraud allegations in the state foreclosure proceeding, where the court rejected them."). For the Kinzys to prevail on their FDCPA claims, this Court would need to reassess the propriety of the foreclosure action and it has no warrant to do so. *See Mains*, 852 F.3d at 677–78 (stating that *Rooker-Feldman* bars FDCPA claims based on false statements) (citing *Harold v. Steel*, 773 F.3d 884, 886–87 (7th Cir. 2014)). Effectively, the Kinzys request a de facto exercise of federal appellate authority over a state-court final judgment, which only the Supreme Court has the statutory power to perform.

The Kinzys' only other purported basis for federal-question jurisdiction fares no better. In Count V, the Kinzys maintain that the defendants breached the Racketeer Influenced and Corrupt Organizations Act (RICO) by using a forgery to foreclose on the Kinzys' home. (*See* Dkt. 1 ¶¶ 104, 107–115, 119, 122.) Once again, to substantiate that cause of action would mean this Court finding that the defendants forged the mortgage, a ruling that would directly contradict the state court's judgment that the mortgage was valid and enforceable. Because "it was the state-court judgment that *authorized* the foreclosure and subsequent sale of" the Kinzys' house, this federal lawsuit turns into a later attack on that judgment. *See Riddle*, 599 F. App'x at 600. *Rooker-Feldman* covers claims, like the Kinzys', "that misstatements made to a state court produced a harmful judgment." *Coley v. Abell*, 682 F. App'x 476, 478 (7th Cir. 2017) (first citing *Harold*, 773 F.3d at 886–87; then citing *Kelley*, 548 F.3d at 605).

All remaining counts in the complaint are state-law claims that this Court has the discretion to relinquish supplemental jurisdiction over. *See Dietchweiler by Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016). This Court will exercise that discretion according to the statutory presumption that if the federal claims drop out before trial, so too should the state-law claims. *See id.* (citing 28 U.S.C. § 1367(c)(3)). Even if the Court did not do that, however, *Rooker-Feldman* would still apply to those claims.

By way of example, the Kinzys contend in Count III that the defendants contravened the Illinois Consumer Fraud and Deceptive Practices Act because they repeatedly misrepresented the 2007 mortgage as a true and correct document, and in doing so, defrauded the county recorder of deeds and the state courts. (*See* Dkt. 1 ¶ 91–92.) The state trial court rejected this assertion when it found that the 2007 mortgage was valid and enforceable. The state appellate court affirmed that judgment. This Court is not the proper forum to review those decisions. In fact, "the proper place to remedy any potential fraud in the state court's judgment is the state court." *Mains*, 852 F.3d at 678. The identity theft (Count IV), intentional infliction of emotional distress (Count VI), quiet-title (Count VII), and slander of title (Count VIII) claims all suffer from the same jurisdictional defects as the statutory fraud claim and this Court is therefore without authority to adjudicate them.

Even assuming *Rooker-Feldman* did not prohibit this Court from exercising jurisdiction over this lawsuit (meaning the claims are independent of the state-court judgment), the doctrines of claim and issue preclusion would apply in one way or another to block the Kinzys from asserting their causes of action because the state courts already passed on them. *See Mains*, 852 F.3d at 675; *Sykes v. Cook Cty. Circuit Court Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016), *reh'g and suggestion for reh'g en banc denied* (Oct. 27, 2016).

In conclusion, this Court cannot "delve into the question whether fraud tainted the state court's judgment [because] the only relief [it] could give would be to vacate

that judgment." *Mains*, 852 F.3d at 676.  The Kinzys' remedies lie in the Illinois courts or potentially the Supreme Court of the United States.   Accordingly, the Court grants the defendants' motions to dismiss (Dkts. 56, 58, 61) all claims alleged in the complaint without prejudice under Rule 12(b)(1).  *See Lennon v. City of Carmel, Indiana*, 865 F.3d 503, 509 (7th Cir. 2017) (stating that a dismissal with prejudice is a disposition on the merits that only a court with the power to hear a case may issue) (citing *Mains*, 852 F.3d at 678).

_____
Virginia M. Kendall
United States District Judge

Date: January 3, 2019